Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Melissa J. Healy, OSB No. 102176
melissa.healy@stoel.com
Anthony Blake, OSB No. 163446
anthony.blake@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone: 503.224.3380
Facsimile:  503.220.2480

        Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| CHARLTON BENELLI and ASHLEY DEWITT, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PEACEHEALTH,<br><br>        Defendant. | Case No.:  6:21-cv-0825<br><br>NOTICE OF REMOVAL<br><br>(28 U.S.C. §§ 1332(d))<br><br>(Lane County Circuit Court Case No. 21CV15474) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, EUGENE DIVISION, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant PeaceHealth, a public benefit corporation organized under the laws of the State of Washington ("PeaceHealth"), hereby removes the above-captioned action from the Lane County Circuit Court to the United States District Court of Oregon, Eugene Division, pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1441, 1446, 1453.

## I. BACKGROUND

1.      On April 23, 2021, Plaintiffs Charlton Benelli and Ashely DeWitt filed the above-captioned lawsuit in the Lane County Circuit Court of the State of Oregon, captioned *Charles Benelli and Ashley Dewitt v. PeaceHealth*, Case No. 21CV15474 (the "State Action"). (Decl. of Melissa J. Healy in Supp. of Notice of Removal ("Healy Decl.") Ex. A.)

2.      The State Action seeks damages in excess of $75,000, exclusive of interest and costs.

3.      Plaintiffs accomplished service on April 30, 2021. This Notice of Removal is filed within 30 days of PeaceHealth's receipt of a copy of Plaintiffs' Summons and Complaint and is also otherwise timely filed under 28 U.S.C. § 1446(b).

4.      By filing this Notice of Removal, PeaceHealth does not waive any objections it may have to service, jurisdiction, or venue, or any other defenses or legal positions, jurisdictional or otherwise, which it may possess. PeaceHealth intends no admissions of fact, law, or liability by this Notice of Removal, and expressly reserves all defenses, motions, and/or pleas.

## II. JURISDICTION AND GROUNDS FOR REMOVAL

**A.      Complete Diversity Exists Between Plaintiffs And PeaceHealth.**

5.      Plaintiffs are Oregon residents, and therefore citizens of Oregon. (Healy Decl. Ex. A, ¶ 1.)

Page 2   -   NOTICE OF REMOVAL

6.      Defendant PeaceHealth is a corporation incorporated under the laws of Washington with its principal place of business in Washington. (Healy Decl. Ex. A, ¶ 2; *id.* Ex. D.) PeaceHealth is therefore a Washington state citizen for purposes of diversity jurisdiction.

7.      Plaintiffs' prayer for relief in this case is $2,500,000. (Healy Decl. Ex. A.)

8.      Upon information and belief, Plaintiffs Benelli and Charlton each have individual claims that exceed the $75,000 threshold set forth in 28 U.S.C. § 1332(a).

9.      The United States District Court of Oregon, Eugene Division, has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as it involves a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.      Jurisdiction is proper in the Eugene Division because the State Action is pending in Lane County, Oregon. 28 U.S.C. § 1441(a). Venue of the removed action is proper in this Court as it is the district and division within which the State Action is pending.

11.      28 U.S.C. § 1453(b) provides that "[a] class action may be removed to a district court of the United States in accordance with section 1446." In turn, 28 U.S.C. § 1446(b)(2)(B) requires that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons." This Notice of Removal is filed within 30 days of receipt of service of the Complaint.

**B.      Removal To This Court Is Proper Under CAFA.**

12.      Under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act of 2005 ("CAFA") vests federal courts with original diversity jurisdiction over a class action "if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007). "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Id.* at 1021

(citation omitted). As relevant here, "CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Id.* at 1020 (*quoting* 28 U.S.C. § 1332(d)(5)). A "class action" is defined by CAFA as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." U.S.C. § 1332(d)(1)(B). PeaceHealth's removal of the lawsuit to this Court is proper because each of these requirements is satisfied, as detailed below. 28 U.S.C. §§ 1453, 1446; *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (recognizing that "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively").

      **1.**      **The Proposed Class Contains at Least 100 Members.**

      13.      28 U.S.C. § 1332(d)(5)(B) sets forth that CAFA does not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is met in this case.

      14.      Plaintiffs allege that the number of Putative Class Members exceeds 5,000. (Healy Decl. Ex. A, ¶ 14.) Plaintiffs seek to represent a class consisting of "all hourly, non-exempt PeaceHealth employees who worked in the State of Oregon at any time within the period beginning April 20, 2015 to the date of entry of judgment." (Healy Decl. Ex. A, ¶ 13.)

      **2.**      **PeaceHealth Is Not a Governmental Entity.**

      15.      Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the

district court may be foreclosed from ordering relief."

16.     PeaceHealth is not a state, state official, or other governmental entity. PeaceHealth is a private business entity. (Healy Decl. ¶ 5.) PeaceHealth's parent entities are all private business entities. (Healy Decl. ¶ 5.)

**3.     There Is Diversity Between Plaintiffs and PeaceHealth.**

17.     CAFA's minimal diversity requirement is satisfied when "*any member* of a class of plaintiffs is a citizen of a State different from *any defendant*." 28 U.S.C. §§ 1332(d)(2)(A) (emphasis added), 1453(a); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2)(A)). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *See Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both when the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiffs and PeaceHealth are citizens of different states.

18.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

19.     Here, when Plaintiffs commenced this action and, upon information and belief, at the time of removal, they resided in the State of Oregon. (Healy Decl. Ex. A, ¶ 1.)

20.     A corporation is a citizen of both the state of incorporation and where it has its

principal place of business. 28 U.S.C. § 1332(c)(1). PeaceHealth is a citizen of Washington, as its principal place of business and headquarters are in Vancouver, Washington.

21.     The named Plaintiffs are citizens of a state different from PeaceHealth. Thus, minimal diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### 4.     <u>This Matter in Controversy Exceeds the Sum or Value of $5 Million</u>.

22.     CAFA requires that the amount in controversy exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. 28 U.S.C. § 1332(d)(6).

23.     An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014). In *Dart Cherokee Basin*, the U.S. Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* There is "no antiremoval presumption" in CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 87. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

24.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT & T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

25.    "District Courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when 'those assumptions are reasonable in light of the allegations in the complaint.'" *Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) (quoting *Altamirano v. Shaw Indus., Inc.*, No. C–13–0939-EMC, 2013 WL 2950600, at *6 (N.D. Cal. June 14, 2013)) (collecting and citing cases).

26.    "[T]he amount in controversy is not limited to damages incurred prior to removal. . . . Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).

27.    PeaceHealth denies the validity and merit of the entirety of Plaintiffs' alleged claims, the legal theories upon which they are based, and the alleged claims for monetary and other relief that flow therefrom. Although Plaintiffs bring four causes of action against PeaceHealth, for

Page 7    -    NOTICE OF REMOVAL

purposes of removal only, and without conceding that Plaintiffs or the Putative Class Members are entitled to any damages or penalties whatsoever, a closer look at only one of their claims reveals that the alleged amount in controversy implicated by the class-wide allegations easily exceeds $5 million. All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission, the truth of the facts alleged and assuming liability is established.

28.     Plaintiffs purport to bring the State Action pursuant to Oregon chapter 652 as a class action, and seek class certification on behalf of a class that includes Plaintiffs and all hourly, non-exempt PeaceHealth employees who worked in the State of Oregon at any time within the period beginning April 20, 2015 to the date of entry of judgment. (Healy Decl. Ex. A, ¶ 13.)

29.     Plaintiffs believe the number of Putative Class Members exceeds 5,000. (Healy Decl. Ex. A, ¶ 14(a).)

30.     Plaintiffs' First Cause of Action, Failure to Pay Wages Owed in Violation of Oregon Law, alleges that PeaceHealth violated ORS 652.120 by allegedly engaging in a pattern and practice of paying Plaintiffs and Putative Class Members according to rounded hours in violation of ORS 652.120. (Healy Decl. Ex. A, ¶ 16.)

31.     Plaintiffs' Second Cause of Action, Failure to Pay Overtime Wages, alleges that PeaceHealth violated ORS 652.120 by allegedly engaging in a pattern and practice of paying Plaintiffs and Putative Class Members according to rounded hours in violation of ORS 653.261(1) and OAR 839-020-0030. (Healy Decl. Ex. A, ¶ 19.)

32.     Plaintiffs' Third Cause of Action, Penalty Wages for Failure to Timely Pay Final Wages, alleges that PeaceHealth violated ORS 652.120 by allegedly engaging in a pattern and practice of paying Plaintiffs and Putative Class Members who are former employees according to

Page 8   -   NOTICE OF REMOVAL

rounded hours, in violation of ORS 652.140, because PeaceHealth allegedly did not pay Plaintiffs or Putative Class Members all wages due by the deadline set forth in the statute. (Healy Decl. Ex. A, ¶ 22.) Plaintiffs allege that they and the Putative Class Members are entitled to 30 days of penalty wages pursuant to ORS 652.150. (*Id*.)

33.    ORS 652.150 provides that "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases . . . then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced." However, ORS 652.150(1)(a) provides that "in no case shall the penalty wages or compensation continue for more than 30 days from the due date." The limitations period applicable to claims for statutory waiting-time penalties in connection with failure to pay all wages due and owing at the termination of employment is three years. ORS 12.100(2); *see also Russell v. U. S. Bank N.A.*, 246 Or. App. 74, 77 (2011).

34.    Since April 2018, three years before Plaintiffs filed their Complaint, approximately 2,453 hourly, non-exempt employees have left PeaceHealth. (*See* Decl. of Brittany Elmore, MPH in Supp. of Notice of Removal ¶ 4.) The average hourly rate for employees working during this period is $32.80. (*Id*.) Pursuant to ORS 652.150(1), maximum penalties are calculated at the rate of eight hours per day for 30 days. The value for alleged final paycheck violations is at least $19,310,016 ($32.80 per hour x 8 hours per day x 30 days x 2,453 employees).

35.    Plaintiffs' Fourth Cause of Action, Penalty Wages for Failure to Timely Pay Overtime Wages, alleges that PeaceHealth violated ORS 653.261(1) by allegedly engaging in a pattern and practice of paying Plaintiffs and Putative Class Members who are former employees according to rounded hours because PeaceHealth did not pay Plaintiffs or Putative Class Members

at the appropriate rate for all compensable hours in excess of 40 hours per week. (Healy Decl. Ex. A, ¶ 25.)

36.     In sum, even without the inclusion of all of Plaintiffs' claims, the amount in controversy exceeds $5 million. As described above, the amount in controversy for Plaintiffs' Third Cause of Action, Penalty Wages for Failure to Timely Pay Final Wages, is approximately $19,310,016, not including the amount sought for attorneys' fees. Plaintiffs also seek attorneys' fees and costs pursuant to ORS 652.200. (Healy Decl. Ex. A.)

37.     It is well established that in determining whether a complaint meets the amount in controversy requirement, the court should consider attorneys' fees. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdiction amounts). The Ninth Circuit has held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "The type of evidence that courts have considered to estimate reasonable future attorney's fees include a percentage of economic damages alleged, fee awards in similar cases, and estimates of the number of hours that will likely be required to litigate the pending case multiplied by the opposing counsel's hourly rate." *Peck v. First Student, Inc.*, No. 3:17-cv-0863-SI, 2017 WL 3288116, at *3 (D. Or. Aug. 2, 2017).

38.     When including attorneys' fees within the amount in controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate. *See Ramos v. Schenker, Inc.*, No. 5:18-cv-01551-JLS-KK, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) (finding that "'when including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate,' especially in wage and hour class

actions" and concluding that "the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction" (citation omitted)); *Heejin Lim v. Helio, LLC*, No. CV 11-9183 PSG (PLAx), 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012) ("[T]he Court notes that Plaintiff seeks attorney's fees, which are properly included in the amount in controversy at 25% of the potential damage award."); *Jasso v. Money Mart Exp., Inc.*, No. 11-cv-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) (noting it was "not unreasonable" for defendant to rely on attorneys' fees comprised of 25% of potential damages when calculating the amount in controversy).

39.    Here, using the benchmark of 25% on Plaintiffs' potential recovery for their Penalty Wages for Failure to Timely Pay Final Wages claim, attorneys' fees would be at least $4,827,504. Add $4,827,504 to the $19 million in controversy for the final wage claim and altogether the claims of the class Plaintiffs seek to represent clearly exceed $5 million as the amount in controversy.

### III.  NOTICE

40.    Following the filing of this Notice of Removal, PeaceHealth will provide written notice to Plaintiffs' counsel of record as required by 28 U.S.C. § 1446(d), and a copy of the Notice of Removal will be filed with the Clerk of the Lane County Circuit Court.

### IV.  STATE COURT PLEADINGS

41.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received are filed herewith. (Healy Decl. Exs. A–D.)

42.    To PeaceHealth's and counsel's knowledge, there are no matters pending in the state court that will require resolution by this Court.

### V.  REMOVAL

WHEREFORE, PeaceHealth removes the above-captioned action now pending against it in the Lane County Circuit Court for the State of Oregon to the United States District Court for the

Page 11   -   NOTICE OF REMOVAL

District of Oregon, Eugene Division, where it shall proceed as an action originally commenced there.

DATED:  May 28, 2021.

STOEL RIVES LLP


*s/ Melissa J. Healy*
TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
MELISSA J. HEALY, OSB No. 102176
melissa.healy@stoel.com
ANTHONY BLAKE, OSB No. 163446
anthony.blake@stoel.com
Telephone:  503.224.3380

Attorneys for Defendant

Page 12  -   NOTICE OF REMOVAL

110810778.5 0065738- 00053