THE HONORABLE ANN AIKEN

UNITED STATES DISCTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

CHARLTON BENELLI and ASHLEY DEWITT, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PEACEHEALTH,

Defendant.

No. 6:21-cv-00825-AA

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Tracy Davies and Ashley DeWitt bring this action on their own behalf and as representatives of a class for unpaid wages due to Defendant PeaceHealth's unlawful time clock rounding.

**PARTIES**

1.

Plaintiff Ashley DeWitt is an individual and is and was at all relevant times a resident of the State of Oregon. Ms. DeWitt worked at PeaceHealth's Riverbend hospital as an hourly, non-exempt employee until 2017. Plaintiff Tracy Davies is an individual and is and was at all

SECOND AMENDED COMPLAINT - 1
(6:21-cv-00825-AA)

relevant times a resident of the State of Oregon.Ms. Davies worked at PeaceHealth's Riverbend and Eugene hospitals as an hourly, non-exempt employee until approximately November 2018.

2.

Defendant PeaceHealth is a non-profit corporation engaged broadly in the healthcare industry. PeaceHealth operates numerous hospitals, clinics, and other health care facilities in Oregon, including in Lane County. Patients pay PeaceHealth money for the health care services PeaceHealth provides.

**FACTUAL ALLEGATIONS**

3.

Under Oregon law, PeaceHealth is required to: (1) track the number of hours its hourly employees work; (2) pay its hourly employees for the number of hours they work; and (3) keep accurate records thereof. PeaceHealth tracks the number of hours its hourly, non-exempt employees work ("hourly employees"), including those worked by Plaintiffs, with an electronic time-keeping system called Kronos.

4.

PeaceHealth pays its hourly employees, including Plaintiffs, according to Kronos time-keeping system data. PeaceHealth requires its hourly employees to use the time-keeping system to punch in at the start of their shift and punch out at the end of their shift. PeaceHealth's time-keeping system records and stores the times hourly employees (including Plaintiffs), actually punch in and out ("actual punch times").

5.

PeaceHealth's time keeping system records and stores actual punch times, and PeaceHealth could pay its hourly employees for all hours captured using those actual punch

SECOND AMENDED COMPLAINT - 2
(6:21-cv-00825-AA)

STUTHEIT KALIN
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

times. Instead, PeaceHealth pays its hourly employees, including Plaintiffs, to the nearest quarter-hour in accordance with PeaceHealth's rounding policy, which is applicable to all hourly employees in Oregon.

6.

Under the policy, paid time is rounded in 7-minute increments. Employees are authorized to clock in up to 7 minutes early for their shift, and to clock out up to 7 minutes after the scheduled end of their shifts. As an example, were an employee to clock in at 11:53 for a shift scheduled to begin at 12:00, the time keeping system would report the employee's start time as 12:00 and pay the employee accordingly – denying the employee pay for the first 7 minutes the employee is clocked in. Were that same employee then to clock out at 6:07, the time keeping system would report the employee's end time as 6:00 – denying the employee pay (again) for the last seven minutes that she was on the clock.

7.

While the time keeping system, in theory, can also round employee time in favor of the employee, such as where an employee clocks in up to seven minutes after her scheduled start time, or clocks out up to seven minutes before her scheduled end time, the overall effect of the rounding policy, over time, is to deny hourly employees pay for all compensable hours.

8.

That is because as a matter of institutional reality hourly employees often punch in between 1 and 7 minutes early for work, and often punch out between 1 and 7 minutes after their shifts are scheduled to end, when the rounding policy favors PeaceHealth. As a result, a substantial majority of employees are clocked in to the timekeeping system for more time than they are paid under the rounding policy.

9.

SECOND AMENDED COMPLAINT - 3
(6:21-cv-00825-AA)

STUTHEIT KALIN
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

PeaceHealth, through attendance, tardy, timekeeping, and and budgetary policies and practices, discourages employees from (a) clocking in more than 7 minutes early for their shift; (b) clocking in between 1 and 7 minutes late for their shift; and (3) clocking out more than 7 minutes late from their shift.

10.

Over time, and in aggregate, the rounding policy favors PeaceHealth. Upon information and belief, during the time period beginning six years prior to the filing of this complaint and continuing to the present, the majority of PeaceHealth hourly employees in Oregon whose time punches were rounded according to the policy described above ha had a negative rounding differential. That is to say, they were punched into the time keeping system for more time than that for which they were paid under the rounding rules. The cumulative effect of PeaceHealth's common policies and procedures is that Plaintiffs and hourly employees, over time, are consistently and systematically deprived of pay for all straight time and overtime hours they actually work.

11.

PeaceHealth knows that it rounds all hourly time punches to the nearest 15-minutes and intends to do so. Because PeaceHealth's Kronos system records actual punch times, PeaceHealth has actual, constructive and/or imputed knowledge that hourly employees are punched into the timekeeping system for more hours than they are actually paid under the rounding policy. Plaintiffs gave notice of their intent to bring the claims asserted herein via certified letter that PeaceHealth received on or about February 8, 2021.

12.

Plaintiffs bring this action on their own behalf, as well as on behalf of all other similarly situated employees.

SECOND AMENDED COMPLAINT - 4
(6:21-cv-00825-AA)

STUTHEIT KALIN
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

Plaintiffs' proposed class is defined as follows:

All hourly, non-exempt PeaceHealth employees who worked in the State of Oregon at any time within the period beginning April 20, 2015 to the date of entry of judgment.

All of the members of the class are collectively referred to as "Class Members."

13.

Plaintiffs' claims meet the requirements for certification. There is a well-defined community of interest in the litigation and the Class Members are readily ascertainable.

    a. <u>Numerosity</u>: The Class is so numerous that joinder of all Class Members is infeasible and impractical. The membership of the class is unknown to Plaintiffs at this time. However, based on Plaintiffs' investigation, and on information and belief, the number of Class Members is reasonably estimated to exceed 5,000. The identity of Class Members is readily ascertainable from PeaceHealth's employment records.

    b. <u>Typicality</u>: Plaintiffs' claims are typical of those of the other Class Members because:

        i. Plaintiffs are members of the class.

        ii. Plaintiffs' claims stem from the same practice or course of conduct that forms the basis of the class claims.

        iii. All of the Class Members' claims are based on the same facts and legal theories.

        iv. There is no antagonism between Plaintiffs' interests and the Class Members, because their claims are for damages provided to each individual employee by statute.

SECOND AMENDED COMPLAINT - 5
(6:21-cv-00825-AA)

STUTHEIT KALIN
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

       v. The injuries that Plaintiffs suffered are similar to the injuries that the Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

       vi. Plaintiffs, like the overwhelming majority of other class members, were punched into the time keeping system for more hours than they were actually paid. Plaintiffs are former employees with a claim for penalty wages. Plaintiffs lost time due to rounding which should have been compensated at their statutory overtime rates because they were sometimes clocked in to the timekeeping system for more than 40 hours in a week, but were not paid for some hours in excess of 40 hours per week at the overtime rate due to rounding.

  a. <u>Adequacy:</u>   Plaintiffs will fairly and adequately protect the interests of the Class because:

       i. There is no conflict between Plaintiffs' claims and those of the other Class Members.

       ii. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any Class Member.

       iii. Plaintiffs agree to actively participate in the case and protect the interests of the putative Class Members.

       iv. Plaintiffs have retained counsel experienced in handling wage-and-hour class actions who have already devoted substantial time and

SECOND AMENDED COMPLAINT - 6
(6:21-cv-00825-AA)

STUTHEIT KALIN
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

          resources to investigating the Class Members' claims and who will vigorously prosecute this litigation.

    v.    Plaintiffs' claims are typical of the claims of Class Members in that their claims stem from the same practice and course of conduct that forms the basis of the class claims.

  b.  <u>Superiority:</u>  Class action adjudication is superior to other methods of adjudication for at least the following reasons:

    i.    Common questions of law and fact predominate over questions affecting only individual members, and the questions affecting individuals primarily involve calculations of individual damages. Such questions include, but are not limited to:

        1.  Whether PeaceHealth rounds employee punches;

        2.  Whether timeclock rounding is permitted under Oregon law and, if so, under what circumstances;

        3.  Whether PeaceHealth's timeclock rounding violated Oregon law;

        4.  Whether PeaceHealth acted willfully;

        5.  Whether PeaceHealth has paid employees all wages they are owed under Oregon law;

        6.  Whether PeaceHealth has paid former employees whose employment terminated within three years of the filing of this complaint all wages owed and, if not, whether such failure was willful;

SECOND AMENDED COMPLAINT - 7
(6:21-cv-00825-AA)

STUTHEIT KALIN
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

           7. Whether PeaceHealth owes former employees whose employment terminated within three years of the filing of this complaint penalty wages.

    ii. The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

    iii. Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Plaintiffs and their attorneys will vigorously pursue the claims on behalf of the Class Members.

    iv. A class action will be an efficient method of adjudicating the claims of the Class Member employees.

c. <u>Public Policy Considerations</u>: Employers in Oregon regularly violate wage and hour and other employment laws. The value of individual employees' claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights while at the same time protecting their privacy.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY REGULAR WAGES OWED IN VIOLATION OF OREGON LAW**
**(on behalf of Representative Plaintiffs in their individual capacity and the Class)**

14.

SECOND AMENDED COMPLAINT - 8
(6:21-cv-00825-AA)

**STUTHEIT KALIN**
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

Plaintiffs incorporate each of the paragraphs above.

15.

PeaceHealth's practice of paying Plaintiffs and Class Members according to rounded hours, instead of actual punch times, over time deprived them of regular wages for all hours worked, in violation of ORS 652.120.

16.

As a result of PeaceHealth's acts and omissions, Plaintiffs and the Class Members have been damaged in amounts to be proven at trial.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(on behalf of Representative Plaintiffs in their individual capacities and the Class)**

17.

Plaintiffs incorporate each of the paragraphs above.

18.

PeaceHealth's practice of paying Plaintiffs and Class Members according to rounded hours, instead of actual punch times, over time deprived them of overtime wages for all hours worked, in violation of ORS 653.261(1) and OAR 839-020-0030.

19.

As a result of PeaceHealth's acts and omissions, Plaintiffs and the Class Members, have been damaged in amounts to be proven at trial.

**THIRD CAUSE OF ACTION**
**PENALTY WAGES FOR FAILURE TO TIMELY PAY FINAL WAGES**
**(on behalf of Representative Plaintiffs in their individual capacities and the Class)**

20.

Plaintiffs incorporate each of the paragraphs above.

21.

SECOND AMENDED COMPLAINT - 9
(6:21-cv-00825-AA)

STUTHEIT KALIN
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

PeaceHealth's practice of paying Plaintiffs and members of the class who are former employees according to rounded hours, instead of actual punch times, violated ORS 652.140 because PeaceHealth did not pay Plaintiffs or Class Members all wages due by the deadline set forth in the statute. PeaceHealth's failure to pay wages was willful. Accordingly, Plaintiffs and Class Members are entitled to 30 days of penalty wages pursuant to ORS 652.150. Plaintiffs gave notice of these claims as required by statute on or about February 8, 2021.

22.

As a result of PeaceHealth's acts and omissions, Plaintiffs and Class Members have been damaged in amounts to be proven at trial.

**FOURTH CAUSE OF ACTION**
**PENALTY WAGES FOR FAILURE TO TIMELY PAY OVERTIME WAGES**
**(on behalf of Representative Plaintiffs in their individual capacity and the Class)**

23.

Plaintiffs incorporate each of the paragraphs above.

24.

PeaceHealth's practice of paying Plaintiffs and Class Members according to rounded hours, instead of actual punch times, violated ORS 653.261(1) because PeaceHealth did not pay Plaintiffs or Class Members at the appropriate overtime rate for all compensable hours in excess of 40 hours per week. PeaceHealth's failure to pay overtime was willful. Accordingly, Plaintiffs and former employee Class Members are entitled to 30 days of penalty wages pursuant to ORS 653.055(b).

25.

As a result of PeaceHealth's acts and omissions, Plaintiffs and Class Members have been damaged in amounts to be proven at trial.

\* \* \*

SECOND AMENDED COMPLAINT - 10
(6:21-cv-00825-AA)

**STUTHEIT KALIN**
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com

**WHEREFORE**, Plaintiffs pray for relief as follows:

    A.    That this action be certified as a Class Action;

    B.    That Ashley DeWitt and Tracey Davies be appointed as representatives of the Class Members;

    C.    That the undersigned counsel for Plaintiffs be appointed as Class Counsel;

    D.    A judgment awarding Plaintiffs and Class Members compensatory damages in the form of regular wages, overtime wages and penalty wages, all in an amount to be proven at trial , together with prejudgment interest at the maximum rate allowed by law;

    C.    An order requiring PeaceHealth to immediately cease the wrongful conduct as set forth above;

    D.    Reasonable attorney's fees and costs pursuant to ORS 652.200; and

    E.    Whatever further and additional relief the court shall deem just and equitable.

DATED this 25th of October 2021

**STUTHEIT KALIN LLC**

By    <u>/s/Peter Stutheit</u>
       Peter Stutheit, OSB No. 061248
       Kyann Kalin, OSB No. 060754
       Maria Witt, OSB No. 145573
       Attorneys for Plaintiffs

SECOND AMENDED COMPLAINT - 11
(6:21-cv-00825-AA)

**STUTHEIT KALIN**
1 SW Columbia, Suite 1850
Portland, Oregon 97204
T:503.493.7488 | F:503.715.5670
peter@stutheitkalin.com