IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TRACY DAVIES; ASHLEY DEWITT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>    v.<br><br>PEACEHEALTH,<br><br>    Defendant. | Civ. No. 6:21-cv-00825-AA,<br><br>**OPINION & ORDER** |

AIKEN, District Judge.

This putative class action case to recover unpaid wages comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification. ECF No. 17. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Named Plaintiffs Tracy Davies and Ashley DeWitt bring this action on their own behalf and as representatives of a putative class seeking to recover unpaid wages due to Defendant PeaceHealth's allegedly unlawful time-rounding policy and practice.

The Named Plaintiffs were hourly, non-exempt employees of PeaceHealth. Third Am. Compl. ("TAC") ¶ 1. ECF No. 11. PeaceHealth is a non-profit corporation engaged in the healthcare industry and it operates numerous hospitals, clinics, and healthcare facilities in Oregon. *Id.* at ¶ 2.

Plaintiffs allege that, under PeaceHealth policies, paid time is calculated in seven-minute increments rounded to the nearest quarter-hour. TAC ¶¶ 4-6. Plaintiff allege that the aggregate and cumulative effect of this rounding policy is to deny hourly employees pay for all compensable hours. *Id.* at ¶¶ 7-10. PeaceHealth denies wrongdoing. Ans. to TAC. ECF No. 12.

During the pendency of the case, the parties engaged in extensive discovery. Stutheit Decl. ¶ 8. ECF No. 18. Plaintiffs engaged an independent expert firm to evaluate the material received in discovery. *Id.*

On August 11, 2022, the parties participated in a full-day, private, arms-length mediation before Eric. O. English of Resolution Strategies LLP. Stutheit Decl. ¶ 9. The parties were unable to reach an agreement during that session but continued to negotiate with the assistance of Mr. English and, on February 17, 2023, the parties reached agreement on the material terms of a settlement through a mediator's proposal. *Id.*

## LEGAL STANDARDS

Federal Rule of Civil Procedure 23(e) requires court approval of any settlement in a class action. Fed. R. Civ. P. 23(e). "Judicial approval is necessary to combat the 'unique due process concerns for absent class members' present in class action

settlements." *Russell v. Ray Klein, Inc.*, No. 1:19-cv-00001-MC, 2022 WL 1639560, at *2 (D. Or. May 24, 2022) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). District courts employ "higher standard of fairness" with "a more probing inquiry" when evaluating settlements negotiated prior to certification, as in the present case. *Roes 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1048 (9th Cir. 2019). To ensure fairness for all class members, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

As a threshold matter, the proposed class must satisfy the class certification requirements found in Rule 23(a)-(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-614 (1997). Once certification is satisfied, the court evaluates the settlement pursuant to Rule 23(e) and may grant preliminary approval if it finds the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). Upon preliminary approval of the class certification and settlement, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." *Id.* The matter then proceeds to a final hearing pursuant to Rule 23(e)(5), where class members may respond to the notice and raise objections. *Id.* The settlement approval is not binding until after the final hearing. *Id.*

## DISCUSSION

Plaintiffs seek preliminary approval of the settlement agreement, as well as conditional certification of the following class:

> [A]ll hourly non-exempt PeaceHealth employees who worked in the State of Oregon at any time within the period of April 20, 2015 to April 1, 2023.

Settlement Agreement, at 2. ECF No. 18-1.

The Court will first address conditional certification of the class before turning to consideration of the proposed settlement.

## I. Class Certification

Class certification follows a two-pronged approach: Rule 23(a) requires that a class satisfy four perquisites, while Rule 23(b) requires that the class fall into one of the three class categories. Fed. R. Civ. P. 23. Where, as here, parties request class certification for settlement purposes only, courts are required to pay "undiluted, even heightened attention" to the requirements of Rule 23.

### A. Rule 23(a)

Rule 23(a) requires that the proposed class meet four certification perquisites: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a). The Court addresses each in turn.

Numerosity requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Generally, a class of greater than forty members is sufficient. *Giles v. St. Charles Health Sys., Inc.*, 294 F.R.D. 585, 590 (D. Or. 2013). Here, Plaintiff estimates that there are roughly 11,000 class members. Stutheit Decl. ¶ 12. The Court concludes that this more than satisfies the requirement of numerosity.

Commonality requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Merely raising common questions is not the focus; rather, the class must suffer the same injury and the claims must depend "upon a common contention," the determination of which would "resolve an issue that is central to the validity of each" claim in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the TAC alleges that all members of the putative class have suffered the same essential injury—unpaid wages—due to PeaceHealth's time rounding policy, which was uniformly applied to all members of the putative class. The Court concludes that the requirement of commonality is met.

Typicality means "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This requirement focuses on the nature of the claim rather than specific facts, thereby ensuring aligning interests between class representatives and class members. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Courts determining typicality consider "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). Here, the Named Plaintiffs and the putative class members share the same injury—unpaid wages—occasioned by the same uniform time-rounding policy. The claims of the Named Plaintiffs are based on the same facts and theories as the claims of the putative class. The Court concludes that the requirement of typicality has been satisfied.

Adequacy requires that "the representative parties [ ] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Two factors are relevant: (1) the presence of conflicts of interest between the class representatives, their class, and the remaining class; and (2) the likelihood that representatives and counsel will vigorously prosecute on behalf of the class. *Hanlon*, 150 F.3d at 1020. Here, the record does not indicate any conflicts between the putative class, the Named Plaintiffs, or their counsel. Plaintiffs' counsel intend to seek a recovery based on a percentage of the common fund, which would incentivize vigorous pursuit of the largest possible settlement amount. In addition, Plaintiffs' counsel are experienced class action attorneys who have litigated this issue for nearly two years and have successfully litigated a similar claim in Washington state. Stutheit Decl. ¶¶ 4-5, 8; Rittereiser Decl. ¶ 5. ECF No. 19. The Court concludes that the standard for adequacy has been satisfied.

### B. Rule 23(b)

The second prong of Rule 23(b) requires that a class fall into one of the three class action categories. Fed. R. Civ. P. 23(b). Here, Plaintiffs seek certification under the third category, which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts typically divide this inquiry into "predominance" and "superiority."

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. Although similar to the commonality inquiry under Rule 23(a), the predominance test is more rigorous. *Id.* at 623-24. Where "common questions present a significant aspect of the case and they can be resolve for all members of the class in a single adjudication," proceeding as a class—rather than individually—is warranted. *Hanlon*, 150 F.3d at 1022 (internal quotation marks and citation omitted). Here, the case involves the application of a time-rounding policy common to all members of the class. "The Ninth Circuit has emphasized that common employment policies and practices are frequently central to the predominance analysis, and where such policies are present, 'predominance is rarely defeated.'" *Harrison v. Harry & David Operations, Inc.*, Case No. 1:18-cv-00410-CL, 2020 WL 8367533, at *8 (D. Or. Oct. 21, 2020) (quoting *Senne v. Kansas City Royals Baseball Corp.*, 924 F.3d 918, 944 (9th Cir. 2019)). "Challenges to common policies should be adjudicated in a single action, particularly in the wage and hour context." *Id.* at *9.

In this case, all members of the proposed class have been subject to the same time rounding policy and Plaintiffs' expert has calculated that 80% of PeaceHealth's hourly employees in Oregon were underpaid a result of the rounding policy. Stutheit Decl. ¶ 13. The Court concludes that the proposed class is sufficiently cohesive to warrant adjudication by representation. The Court concludes that the common questions of law and fact predominate over any individual claims.

Superiority focuses on whether "classwide litigation of common issues will reduce" costs and promote efficiency. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Relevant considerations include any interest in individually controlling separate actions, the presence of any current litigation concerning the controversy, the benefits of the chosen forum, and potential difficulties managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). Central to this inquiry, and class actions generally, is the goal of overcoming "the problem that small recoveries do not provide the incentive for individuals to bring solo action." *Anchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)).

Here, Plaintiffs are not aware of any other litigation concerning this controversy. Stutheit Decl. ¶ 15. Plaintiffs' expert estimated that the average time lost to rounding by each hourly PeaceHealth employee amounted to twenty-three hours, *Id.* at ¶ 13, which offers the prospect of a relatively small recovery in an individual action. The forum is desirable because the putative class worked for PeaceHealth in Oregon at the many PeaceHealth facilities in the state. Because certification is considered as a part of settlement, the Court need not weigh questions of managing a class action because "the proposal is that there be no trial." *Amchem*, 521 U.S. at 620. The Court concludes that the requirements of superiority have been met.

In sum, the Court concludes that Plaintiffs have met the requirements of Rule 23(a) and (b) and so the Court grants conditional certification to the putative class for settlement purposes.

## II. Preliminary Settlement Approval

Having certified the class, the Court's analysis turns to preliminary settlement approval. "The claims, issues, or defenses of a . . . class proposed to be certified for purposes of settlement [ ] may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). To approve a settlement, the court must find the settlement "fair, reasonable, and adequate," and conduct a final hearing. *Id.* The Ninth Circuit maintains a "strong judicial policy" of favoring class action settlements. *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 556 (9th Cir. 2019). While ruling on a settlement negotiated pre-certification, however, the Ninth Circuit requires an additional "higher standard of fairness." *Roes 1-2*, 944 F.3d at 1048.

To guide the inquiry into whether a settlement is "fair, reasonable, and adequate," courts are guided by four considerations:

> (A) [T]he class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to one another.

Fed. R. Civ. P. 23(e)(2)(A)-(D).

Here, the record reflects that Plaintiffs and their counsel have adequately represented the class. They have pursued this matter for nearly two years, conducted extensive discovery, and engaged in a lengthy course of private mediation. The

settlement was reached over the course of months of talks with the assistance of a private mediator experienced with class action litigation, which satisfies the Court that the settlement is the result of arm's-length negotiation and is not the product of collusion among the parties.

As to the third consideration, the Court concludes that, at this preliminary stage, the relief provided to the class is adequate. The proposed settlement is for a Gross Settlement Amount of $7,350,000 and, after payment of class counsel attorney fees, any court-approved litigation costs, class representative incentive awards, settlement administration costs, and any payment of employer payroll tax payments, Plaintiffs estimate that the Net Settlement Fund will have approximately $5,400,000 for distribution among class members. Plaintiffs' expert estimated that the total unpaid wages lost as a result of the time-rounding policy amounted to $9,998,655. Stutheit Decl. ¶ 13. The Net Settlement Fund amounts to approximately 54% of the allegedly lost wages. Although trial has the possibility of yielding a higher reward, this must be weighed against the cost, uncertainty, and delay inherent in taking claims to trial. In addition, a trial verdict would be subject to appeal, adding additional delay and expense to the prospect of recovery.

With respect to the proposed method of distributing relief to the class, the proposed settlement administrator is JND Legal Administration. JND routinely handles large and complex class action administrations and was recently recognized for the quality of its work by an industry publication. Pl. Mot. 10. The proposal is for an opt-out class settlement, so class members do not need to take action to obtain

relief. Individual settlement payments for class members will be calculated proportionally based on each participating class member's net time clock calculation and if the calculation comes to zero, the class member will receive a check in the amount of $25 in consideration for their release of claims. Settlement Agreement ¶ 33(a). The settlement administrator will mail settlement payments to each individual member of the class who has not opted-out. *Id.* at ¶ 34. Class members will have 180 days in which to cash their settlement payments, after which the amount associated with those uncashed payments will be sent to Legal Aid Services of Oregon. *Id.* at ¶ 35.

The proposed settlement agreement contemplates attorney fees in an amount not to exceed 25% of the Gross Settlement Amount or $1,837,500 and an additional amount for actual litigation costs, which are currently $19,353.63, with additional costs to be incurred in implementing the settlement agreement. Settlement Agreement ¶ 32(a). The class counsel will not be paid until after entry of final judgment. *Id.* at ¶ 34.

Plaintiffs' counsel affirms that there are no agreements other than those contained in the settlement agreement between Plaintiffs and Defendant or between their respective counsel. Stutheit Decl. ¶ 16. The Court concludes that the relief provided to the class is adequate.

Turning to the question of equity, the Court notes that a class member's individual recovery is in proportion to the amount of time they were clocked in but not paid under the time-rounding policy. Settlement Agreement ¶¶ 23, 33(a). This

is a more equitable arrangement than paying each member the same amount. As noted, class members who did not suffer unpaid time will receive $25 in consideration of the release of claims. The Court concludes that the settlement agreement treats class members equitably.

The final hurdle for pre-certification settlement is the Ninth Circuit's heightened standard. When a settlement is negotiated prior to class certification,

> [t]he potential for collusion reaches its apex . . . because, among other things, (1) the court has not yet approved class counsel who would owe a fiduciary duty to the class members; and (2) plaintiff's counsel has not yet devoted substantial time and money to the case, and may be willing to cut a quick deal at the expense of class members' interests.

*Briseño v. Henderson,* 998 F.3d 1014, 1024 (9th Cir. 2021).

The procedural burden is therefore intensified to ensure class representatives and counsel are not securing benefits at the expense of absent class members. *Roes 1-2*, 944 F.3d at 1048.

Under this standard, court have established three "subtle signs of collusion" deserving of higher scrutiny: counsel receiving a disproportionate share of the settlement, parties negotiating a "clear sailing" agreement, and funds reverting to the defendant if left unclaimed. *In re Bluetooth Pros. Liability Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Here, Plaintiffs' counsel seeks 25% of the common fund at their fee. The Ninth Circuit has recognized 25% of a common fund as the "benchmark" of a reasonable fee award. *Id.* at 942.

Here, there is a "clear sailing" provision in the settlement agreement: Defendant has agreed that it will not oppose Plaintiffs' counsel's fees in an amount

not to exceed 25% of the common fund or $1,837,500. Settlement Agreement ¶ 32(a). "Although the presence of a clear-sailing provision is not a 'death knell,' the district court has a duty to scrutinize the agreement for signs that the fees requested by counsel are unreasonably high." *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 610 (9th Cir. 2021). Here, as noted, the intended attorney fees are at the "benchmark" for reasonable fees and are to be awarded out of a common fund, rather than paid separately. This places the interest of Plaintiffs' counsel (and Plaintiff) in maximizing the size of the common fund in opposition with the interest of the Defendant, in minimizing the size of the fund and weighs against possibility of collusion between Plaintiffs' counsel and Defendant. In addition, the Court notes that the settlement agreement does not have a reverter—that is, unclaimed common funds will not revert to Defendant. The combination of a clear-sailing provision and a reverter has been identified as suspect by the Ninth Circuit. *McKinney-Drobnis*, 16 F.4th at 610-11. Here, by contrast, any unclaimed funds from the net settlement amount will be paid to Legal Aid Services of Oregon. Settlement Agreement ¶ 35. The Court concludes that the fact that the anticipated percentage of attorney fees comports with the "benchmark" of reasonableness; the fact that the fees will be paid from the common fund; and the absence of a reverter to Defendant combine to overcome the general disfavor of clear-sailing provisions such as the one contained in the settlement agreement.

In sum, the Court grants preliminary approval of the proposed settlement agreement as fair, reasonable, and adequate.

### III.     Notice Approval

Where the parties have persuaded the court that approval of the class and settlement are likely, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal," provided that the parties offer the court enough information to "determine whether to give" such notice. Fed. R. Civ. P. 23(e)(1). Upon order, courts should direct "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The approved notice must include the nature of the action, the class definition and claims, the option to opt out or appear through an attorney, the procedure and timing for exclusions, and the binding effect of a judgment. *Id*.

Here, Defendant will provide the settlement administrator with the names, employee IDs, and last known addresses of each class member. Settlement Agreement ¶ 36. The settlement administrator will use reasonable tracing verify the addresses to ensure the class members receive the notice. *Id*. at ¶ 38. The settlement administrator will send the notice by first class mail within thirty days of the approval of the settlement. *Id*. ¶ 37. The settlement administrator will use reasonable diligence to find the current address for any envelopes returned as undeliverable and will resend the notice to those class members. *Id*. at ¶ 38. The Court concludes that this provides the best notice that is practicable under the circumstances and includes individual notice to all members who can be identified through reasonable effort.

As to the proposed notice itself, it identifies the nature of the action; the definition of the class certified; the claims, issues, and defenses; notifies that class members that they may appear by their own attorney; notifies the class members that they may be excluded from the class if they so request and explains how and when to do so; and the binding effect of a judgment on class members.

The Court concludes that the proposed notice is adequate and so approves the proposed notice.

### IV. Appointment as Class Representatives and Class Counsel

When certifying a class, the court must generally appoint class counsel. Fed. R. Civ. P. 23(g). In appointing class counsel, the court must consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handing class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B).

Here, the Court concludes that all relevant factors weigh in favor of the appointment of Plaintiffs' counsel as class counsel. Plaintiffs' counsel extensively litigated a factually similar case in Washington state before bringing the present action in Oregon. Plaintiffs' counsel has conducted substantial discovery in the present case and retained an expert to review the materials provided. Plaintiffs'

attorneys have extensive experience in class action litigation and robust knowledge of wage and hour law in Oregon. Plaintiffs' counsel has already committed substantial resources to this case and the Court has no reason to believe they will not continue to do so. The Court appoints Plaintiffs' counsel as class counsel in this case.

The Court also finds that the Named Plaintiffs are adequate to serve as class representatives and so appoints them.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Conditional Class Certification, ECF No. 17, is GRANTED. It is hereby ordered:

1. **Conditional Class Certification for Settlement Purposes:** The Court certifies the proposed class, as defined in the Settlement Agreement ¶ 13 and in this Opinion and Order, for settlement purposes.

2. **Preliminary Settlement Approval:** The Court grants preliminary approval of the proposed settlement agreement, subject to the forthcoming fairness hearing pursuant to Rule 23(e).

3. **Appointing Class Representatives:** Under Rule 23(a), the Court finds that Plaintiffs Tracy Davis and Ashley DeWitt have met their burden and properly stand as representatives for the class.

4. **Appointing Class Counsel:** The Court finds that class counsel has proven their competence and ability in fairly and adequately representing the class's

interests pursuant to Rule 23(g). The Court appoints Peter Stutheit and Jason A. Rittereiser as class counsel.

5. **Administration:** The Court approves JND Legal Administration as settlement administrator as set out in the Settlement Agreement.

6. **Authorization of Notice:** The Court approves the form and content of the notices in substantially the same form as attached to the settlement agreement and Plaintiff's motion.

7. **Dates of Performance:** Dates of performance are as follows:

    a. The settlement administrator will mail the Notice to class members within 30 days of the date of this Order.

    b. Class members shall have 30 days from the mailing of the Notice to request exclusion from the class or object to the settlement agreement.

    c. Final fairness hearing shall be held on October 23, 2023 at 10:00 a.m. by telephone. Those wishing to participate in the hearing should call the Court's conference line at (571) 353-2301. The Conference ID number is 902352749# and the Access Code is 2022#.

It is so ORDERED and DATED this ___17th___ day of July 2023.

       /s/Ann Aiken  
       ANN AIKEN  
       United States District Judge